# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROMMIE MOSS,

    Petitioner,

vs.

DWIGHT NEVENS, *et al.*,

    Respondents.

Case No. 2:14-cv-01451-JCM-NJK

**ORDER**

    This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner.  Petitioner challenges his state conviction of two counts of attempted murder with the use of a deadly weapon, and one count each of discharging a firearm out of a motor vehicle and discharging a firearm at or into a structure.  (Exhibit 19).[1]  Pending before the court is respondents' motion to dismiss the petition because it was untimely filed.  (ECF No. 17).

    The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 18-20.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of the judgment." Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S.

113, 119 (2009).  Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of a properly filed application for State post-conviction or other collateral relief regarding the same conviction.  28 U.S.C. § 2244(d).

In the instant case, the judgment of conviction was entered on September 28, 2009.  (Exhibit 19).  The Nevada Supreme Court's order of affirmance on direct review was filed on July 19, 2010.  (Exhibit 24).  The Nevada Supreme Court denied the petition for rehearing by order filed November 5, 2010.  (Exhibit 26).  Because petitioner did not file a petition for writ of certiorari to the United States Supreme Court, his conviction became final on February 3, 2011, which is ninety days after the Nevada Supreme Court filed its order denying the petition for rehearing.  The AEDPA statute of limitations began to run on February 4, 2011.

On September 29, 2011, when petitioner filed his state habeas petition, 237 days of untolled time for filing a federal petition had elapsed.  (Exhibit 28).  The AEDPA limitations period was statutorily tolled until petitioner's state habeas petition and appeal from the denial of his petition was resolved by the Nevada Supreme Court.  *See* 28 U.S.C. § 2244(d)(2).  On December 12, 2012, the Nevada Supreme Court entered an order affirming the denial of petitioner's post-conviction state habeas petition.  (Exhibit 35).  Remittitur was issued on January 7, 2013.  (Exhibit 37).  The period of statutory tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur on January 7, 2013.  The AEDPA statute of limitations began to run again on January 8, 2013, and expired 128 days later, on May 16, 2013.

Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  The federal habeas petition indicates that the petition was dispatched (given to prison staff for mailing) to this court on August 3, 2014.  (ECF No. 11, at p. 1, item 5).  The federal petition was filed untimely on August 3, 2014, which was 444 days after the expiration of the AEDPA statute of limitations.

In his opposition to the motion to dismiss, petitioner asserts that the untimeliness of his federal petition should be excused because he is actually innocent.  (ECF No. 25).  A federal habeas

-3-

petitioner may overcome the expiration of the AEDPA statute of limitations by making a showing of actual innocence, allowing the court to review the petition on the merits. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013); *see also Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the court may consider the petition on the merits. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Under *Schlup*, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence] – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327. The *Schlup* standard permits review only in the "extraordinary" case. *Id.* at 324. The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).

In the instant case, although petitioner alleges within his federal petition that he is innocent, petitioner has not alleged the existence of any new reliable evidence of innocence; therefore, he cannot pass through the *Schlup* actual innocence gateway to allow this court to reach the merits of his petition. Petitioner's broad and conclusory allegations of innocence are insufficient to allow this court to consider the merits of his time-barred claims. The petition must be dismissed as untimely.

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v.*

*Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Allen,* 435 F.2d at 748; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Allen,* 435 F.2d at 951 (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this court's dismissal of the petition as untimely debatable or wrong.  The court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk of court **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED September 7, 2016.

_____
UNITED STATES DISTRICT JUDGE